**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| DROP IT MODERN LLC, | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| v. | ) | |
| NULOOM, LLC, | ) | |
| Defendant, | ) | |

## COMPLAINT AND JURY DEMAND

The plaintiff Drop It Modern LLC ("Plaintiff"), by its undersigned attorney, R. Terry Parker, Esq., for its Complaint against the defendant nuLoom, LLC ("Defendant") and John Does 1-5 ("Doe Defendants" and together with Defendant, collectively, "Defendants"), alleges as follows:

### SUBSTANCE OF THE ACTION

1.      This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501 *et seq*.  Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

### PARTIES

2.      Plaintiff is an artist and designer living and working in Portland, Oregon.

3.      Upon information and belief, Defendant is a limited liability company operating a business at 286 Prospect Plains Rd., Cranbury, New Jersey 08512.

1

**JURISDICTION AND VENUE**

4.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5.      Personal jurisdiction over Defendants is proper.  Defendants are conducting business in this judicial district and committing torts in this state, including without limitation Defendants' copyright infringement, which causes harm in this state and judicial district.

6.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

A.      **Plaintiff's Business**

7.      Plaintiff is a design company owned and run by the designer and entrepreneur Breanne Scott, f/k/a Breanne Schaap, a creator working at the intersection of art, wallpaper, and interior design.  Ms. Scott is the sole author of the following  design, the copyrights of which have been assigned to Plaintiff, herein after the "Copyrighted Work:"



2

8.      Plaintiff has obtained a certificate of registration from the United States Copyright Office, Reg. No. VA 2-231-282 for the copyrights in and to the Copyrighted Work.

9.      The Copyrighted Work is an original works of authorship.

10.     Plaintiff is the sole owner of the copyrights in and to the Copyrighted Work and has been at all relevant times.

**B.      Defendant's Unlawful Activities**

11.     Upon information and belief, Defendant is a retail business specializing in rugs that it sells from its logistics-driven e-commerce platform.  It offers trend-driven, designer-style rugs at mass-market prices.  It distributes and sells its rugs through varies channels, including Home Depot's marketplace site.

12.     Plaintiff has learned of Defendant infringing Plaintiff's exclusive copyrights in the Copyrighted Work.  Specifically, Plaintiff discovered Defendant selling infringing copies of the Copyrighted Work, without Plaintiff's authorization, at Home Depot's marketplace site, a screenshot of which is depicted here:



13.     Plaintiff has also discovered Defendant infringing the Copyrighted Work at the Bed Bath and Beyond website, where infringing copies are reproduced, distributed, publicly

displayed, and used the creation of unlawful derivative works, without Plaintiff's authorization, as depicted in the



14. At Defendant's Website, Defendant uses the Infringing Work to promote, distribute, and sale infringing copies of the Copyrighted Work.

15. Upon information and belief, Defendant has control over, operates, and benefits from Defendant's Website, and has done so at all relevant times.

16. Defendant is thus directly responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Work.

17. Defendant's reproduction, distribution, derivation, and public display of the Copyrighted Work are without Plaintiff's authorization and have harmed the market for the Copyrighted Work, depriving Plaintiff's ability to earn licensing fees for Defendant's use.

18. Defendant's unauthorized reproduction, distribution, derivation, and public display of the Copyrighted Work was knowing and willful in that Defendant has acted in reckless disregard of Plaintiff's copyrights.

19. Defendant's unauthorized reproduction, distribution, derivation, and public display of the Copyrighted Work was knowing and willful in that Defendant is a sophisticated

4

company engaged in publishing and media business and familiar with copyright laws and knew or should have known of the need to obtain a license for its use of the Copyrighted Work, but chose to use the Copyrighted Works without authorization.

**<u>FIRST CLAIM FOR RELIEF</u>**
**<u>DIRECT COPYRIGHT INFRINGEMENT</u>**
**<u>(17 U.S.C. § 101 *et seq*.)</u>**

20.    Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

21.    The Copyrighted Work are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

22.    As author, Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

23.    Upon information and belief, as a result of Plaintiff's licensing and public display of the Copyrighted Work to others, Defendant had access to the Copyrighted Work prior to the creation of the Infringing Work.

24.    By his actions, as alleged above, Defendant has infringed Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, using in the creation of an unlawful derivative works, and publicly displaying the Copyrighted Work at the infringing website.

25.    Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

26.    As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Works, Plaintiff is entitled to recover its actual damages

5

resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial pursuant to 17 U.S.C. § 504(b).

27.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from the infringement of the Copyrighted Work, which amounts will be proven at trial.

28.     In the alternative, and at Plaintiff's election, to the extent allowed by 17 U.S.C. § 412, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, use in derivative work(s), or public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

29.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**SECOND CLAIM FOR RELIEF**
**(Contributory Copyright Infringement)**

30.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

31.     In the event Defendant contends that the infringing conduct described above was done by the one or a number of the Doe Defendants, Defendant had either actual or constructive knowledge of the above-described infringements and either induced, caused, or materially contributed to the infringing conduct described above.

32.     Defendant materially contributed to some or all of the infringements at issue in this litigation by providing the technology necessary for the infringement to occur.

33.     By their actions, as alleged above, Defendant's foregoing acts of contributory infringement violate Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501.

34.     Upon information and belief, the foregoing acts of contributory infringement of Plaintiff's copyright are willful and deliberate and Defendant profited at the expense of Plaintiff.

35.     As a direct and proximate result of Defendant's contributory infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendants' uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

36.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

37.     In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

38.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

39.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

### THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement against All Defendants)

40.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

41.     As an alternative theory to its infringement claims above, to the extent some Defendants contend they did not directly or contributorily infringe Plaintiff's copyrights, and such direct and contributory infringement was caused by another, Defendant benefited from or stood to benefit from the direct infringement described above while declining to exercise an ability to stop it.

42.     Through contractual arrangements with the direct infringer, Defendant had the right or ability to control the direct infringement as described above.

43.     Defendant had the right and ability to cause the infringing copies of the Copyrighted Work to be removed from one or more of the infringing website identified above and cease the sales of the infringing products.

44.     Defendant had the right and ability to cease the unlawful distribution of infringing copies of some or all of the Copyrighted Work.

45.     Defendant had the right and ability to cease the unlawful public display of the Copyrighted Work.

46.     Defendant had a financial interest in the reproduction, distribution, and public display of infringing copies of some or all of the Copyrighted Work and Defendant benefitted from or stood to benefit from the direct infringement by earning revenues from advertising at the websites where some or all of the Copyrighted Work.

47.     As a direct and proximate result of Defendant's vicarious infringement.

48.    Plaintiff is entitled to recover its actual damages resulting from Defendants' uses of some or all of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

49.    In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of some or all of the Copyrighted Work, which amounts will be proven at trial.

50.    In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 per work with respect to the vicarious infringement of the Copyrighted Works by Defendants, or such other amounts as may be proper under 17 U.S.C. § 504(c).

51.    Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

52.    Defendant's vicarious infringement has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiffs exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1.    A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2.    A declaration that such infringement is willful;

3.     An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4.     Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5.     Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement pursuant to the Copyright Act;

6.     Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505 for each instance of copyright infringement;

7.     Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8.     Permanently enjoining Defendant, his employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's or to participate or assist in any such activity; and

9.     For such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 12, 2026

Respectfully submitted,

/s/ *R. Terry Parker*
R. Terry Parker, Esquire
Law Office of R. Terry Parker
43 West 43rd Street, Suite 275
New York, New York 10036
Telephone: (212) 859-5068
Email: terry@rterryparkerlaw.com

*Attorney for Plaintiff*
*Drop It Modern, LLC*